## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONA LEDET, ET AL.** | **CIVIL ACTION NO. 2:25-cv-793** |
| **VERSUS** | **SECTION** |
| **BP PRODUCTS NORTH AMERICA, INC., CHEVRON U.S.A. INC., CONOCOPHILLIPS COMPANY, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, MARATHON OIL COMPANY, OXY INC., SHELL USA, INC., SHELL OFFSHORE INC., SWEPI LP, THE DELTA CHAPTER OF THE AMERICAN PETROLEUM INSTITUTE AND OFS, INC.** | **JUDGE** |
| | **MAGISTRATE** |

### JOINT NOTICE OF REMOVAL

Chevron U.S.A. Inc. and Marathon Oil Company ("Removing Defendants") respectfully remove this civil action from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana, to the United States District Court for the Eastern District of Louisiana, fully reserving all rights, objections, defenses, and motions in response to this litigation. In support of this removal, Removing Defendants state the following:

### I.    Introduction

On July 12, 2024, Mona Ledet, Angel Ledet, and Carl Ledet, Jr. filed an action entitled *Mona Ledet, et al. v. BP Products North America, Inc., et al.*, Civil Action No. 856-042, Division "K," in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.[1] Plaintiffs bring wrongful death and survival claims for the death of Carl Ledet, Sr., who died from lung cancer on August 22, 2023, due to his alleged exposure to "dangerous levels" of NORM.[2]

---

[1] Certified Copy of the State Court Record, attached as **Exhibit 1**.
[2] Ex. 1, Petition ¶¶ 165–169.

The petition names twelve defendants: (1) BP Products North America, Inc.; (2) Chevron U.S.A. Inc.; (3) ConocoPhillips Company; (4) Exxon Mobil Corporation; (5) ExxonMobil Oil Corporation; (6) Marathon Oil Company; (7) OXY USA Inc.; (8) Shell USA, Inc.; (9) Shell Offshore Inc.; (10) SWEPI, LP[3]; (11) The Delta Chapter of the American Petroleum Institute ("Delta Chapter"); and (12) OFS, Inc. ("OFS"). All defendants – except OFS and the Delta Chapter – were properly joined and served. OFS and the Delta Chapter were improperly joined under the rules of this Court.

As set forth below, this Court has diversity jurisdiction under 28 U.S.C. § 1332 based on the amount in controversy and the citizenship of all properly joined and served parties, and Removing Defendants have complied with the procedure for removal under 28 U.S.C. § 1446.

## II.    All removal prerequisites are satisfied.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Removing Defendants submit that this action satisfies all the prerequisites for removal to this Court, including that the Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

### A.    Venue is proper.

Venue is proper because this Court is "the district court of the United States for the district and division" within which the state court action is pending. 28 U.S.C. § 1441(a). The judicial district court where Plaintiffs filed the petition (the Twenty-Fourth Judicial District Court for the Parish of Jefferson) is located within the Eastern District of Louisiana. Thus, venue is proper. *Id.*

---

[3] SWEPI, LP was incorrectly named as a defendant; it is not a viable entity and cannot be served.

**B.**      **The state court record is attached.**

Pursuant to 28 U.S.C. § 1446(a), Removing Defendants include, attached as **Exhibit 1**, a copy of the state court record as of April 21, 2025, which includes "a copy of all process, pleadings, and orders served" in this action. To the extent additional documents are filed into the state court record, Removing Defendants will promptly supplement this Notice of Removal upon receipt.

**C.**      **This Notice of Removal was timely filed.**

Under 28 U.S.C. § 1446(b)(3)–(c)(1), a defendant can remove an action when (1) the case stated by the initial pleading was "not removable"; (2) the case is removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable"; and (3) the case is removed within 1 year of its "commencement."

The Removing Defendants meet the first element because this Court previously remanded this case after it was removed under § 1446(b)(1)–(2). *Ledet v. BP Prods. N. Am.*, No. CV 24-2122, 2024 WL 4563388, at *6 (E.D. La. Oct. 24, 2024). Thus, the case was (evidently) not initially removable. And the mere fact that this action was previously removed and remanded does not preclude a subsequent removal because recent events have presented a new and different basis for removal. *E.g., Dempster v. Lamorak Ins. Co.*, 435 F. Supp. 3d 708, 722–723 (E.D. La. 2020). Thus, the first requirement is satisfied.

The Removing Defendants meet the second element because on March 24, 2025, Removing Defendants received a notarized affidavit showing Plaintiffs could not possibly recover from OFS (the "Affidavit"), a crucial fact for removal via improper joinder.[4] *See e.g., Janke v.*

---

[4] *See generally* Affidavit of Douglas M. LaNasa, Jr. ("LaNasa Affidavit"), attached as **Exhibit 2**.

*Babcock Co.*, No. 12-513, 2012 WL 1499292, at *2 (E.D. La. Apr. 27, 2012). Courts have consistently recognized that they may "pierce the pleadings" and "consider summary judgment-type evidence" when analyzing improper joinder. *E.g., Bourgeois v. U.S. Shipping Corp.*, 683 F. Supp. 3d 548, 553 (E.D. La. 2023); *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 389 (5th Cir. 2000). As such, improper joinder may be shown through competent summary judgment evidence, like an affidavit. *See Badon*, 224 F.3d at 390–394 (using the affidavits of non-diverse defendants to affirm a finding of improper joinder under the "amended pleading, motion, order, or other paper" exception); Fed. R. Civ. P. 12(b)(6), 12(d), 56(c)(4). The Affidavit therefore constitutes an "other paper" under 28 U.S.C. § 1446(b)(3).

Further, the Affidavit revealed that OFS is a dying entity with no assets, and its articles of incorporation have been terminated by the Louisiana Secretary of State—a fact not in existence when the petition was filed.[5] As such, the Affidavit informed Removing Defendants that this case had "become removable" under § 1446(b)(3) by evidencing OFS's defunct, inactive status. Plus, Removing Defendants filed this Notice within 30 days of receiving the Affidavit. Therefore, the second element is satisfied.

Removability under § 1446(b)(3) is generally subject to a judge-made rule requiring a voluntary act of the plaintiff. *E.g., Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citation omitted). But courts have "long recognized" that improper joinder of a non-diverse defendant is an exception to this rule. *Id.*; *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295–296 (5th Cir. 2019) (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918)). Because Removing Defendants allege improper joinder, no "voluntary act" of Plaintiffs is required. Therefore, the Affidavit satisfies the second element.

---

[5] Ex. 2, LaNasa Affidavit, Ex. 1 attached thereto; *see also* Administrative Termination of OFS, Inc. per the Louisiana Secretary of State Website ("OFS Termination"), attached as **Exhibit 3**.

Finally, the Removing Defendants meet the third element because the "commencement" of this action was less than 1 year ago. Plaintiffs' petition was filed in state court on July 12, 2024.[6] And thus, the Notice of Removal Notice is timely filed under 28 U.S.C. § 1446(c)(1) and Rules 3 and 6 of the Federal Rules of Civil Procedure.

**D.     All other properly joined defendants have consented to removal.**

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served" in this action have consented to the removal of this lawsuit. This includes:

- BP Products North America, Inc., Notice of Consent to Removal, attached as **Exhibit 4**;

- ConocoPhillips Company, Notice of Consent to Removal, attached as **Exhibit 5**;

- Exxon Mobil Corporation Notice of Consent to Removal, attached as **Exhibit 6**;

- ExxonMobil Oil Corporation, Notice of Consent to Removal, attached as **Exhibit 6**;

- Oxy USA Inc., Notice of Consent to Removal, attached as **Exhibit 7**;

- Shell USA, Inc., Notice of Consent to Removal, attached as **Exhibit 8**;

- Shell Offshore Inc., Notice of Consent to Removal, attached as **Exhibit 8**;

- SWEPI, LP, Notice of Consent to Removal, attached as **Exhibit 9**.[7]

As explained by this Court and the U.S. Fifth Circuit, "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)); *see Poole v. Western Gas Res., Inc.*, CIV.A. 97-2929, CIV.A. 97-3035, 1997 WL 722958, at *2 (E.D. La. Nov. 18, 1997). Nor must the removing party explain the absence

---

[6] Ex. 1, Petition.
[7] *See infra* n. 18.

of consent. *Jernigan*, 989 F.2d at 815. Thus, because OFS and the Delta Chapter were improperly joined in this action, their consent to removal is not required.

**E.     Notice to adverse parties and the relevant state court will be made.**

In accordance with 28 U.S.C. §1446(d), Removing Defendants certify that, promptly after filing this Notice of Removal, copies of the Notice will be served on all parties and filed with the Clerk of Court of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana. *See* Notice of Filing Joint Notice of Removal, attached as **Exhibit 10**.

**F.     Federal law allows removal.**

This case is removable under 28 U.S.C. §§ 1332 and 1446. Removing Defendants fully reserve their rights, including but not limited to all available arguments in support of removal; any available defenses, including those permitted by Rule 12 of the Federal Rules of Civil Procedure; all other jurisdictional, procedural, and venue defenses; and defenses to the merits of this action. Moreover, Removing Defendants reserve the right to supplement or amend this Notice of Removal.

## III.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states." And only those defendants that are "properly joined and served" are considered when determining citizenship of the parties for purposes of removal. *See id.* § 1441(b). Removal is proper in this matter because there is complete diversity among the parties properly joined and served, and the jurisdictional amount is met.

A.     **The properly joined and served parties are citizens of different states.**

Complete diversity exists between the parties properly joined and served. Only Plaintiffs are citizens of Louisiana. The properly joined and served defendants are citizens of Pennsylvania, Texas, Ohio, Maryland, Illinois, Delaware, and New Jersey.

1.     **Citizenship of Plaintiffs**

Plaintiffs in this matter are Mona Ledet, Angel Ledet, and Carl Ledet, Jr., and all three are Louisiana citizens. In the context of diversity jurisdiction, a person is a citizen of the state that he or she is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804 (5th Cir. 2007). Plaintiffs are domiciled in Louisiana and are thus Louisiana citizens under applicable law.[8]

2.     **Citizenship of Properly Joined and Served Defendants**

Defendants are largely made up of corporations. For purposes of removal, a corporation is a citizen of both its state of incorporation and the state where its principal place of business is located. *E.g., Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146, 154 (E.D. La. 2012). None of the defendants that were properly joined and served are citizens of Louisiana. Because OFS and the Delta Chapter were improperly joined as defendants, their citizenship is irrelevant. *See* 28 U.S.C. § 1441(b).

a.  **Chevron U.S.A. Inc.**

Chevron U.S.A. Inc. is and was at the time of filing of the state court action, a Pennsylvania corporation, with a principal place of business in Texas. Therefore, Chevron U.S.A. Inc. is now and was at the time of filing of the state court action, a citizen of the states of Pennsylvania and Texas for the purposes of establishing diversity jurisdiction. Plaintiffs concede that Chevron U.S.A. Inc. is a foreign corporation.[9]

---

[8] Ex. 1, Petition ¶ 1(a)–(c).
[9] Ex. 1, Petition ¶ 2(A)(b).

7

### b.  Marathon Oil Company

Marathon Oil Company is and was at the time of filing of the state court action, an Ohio corporation, with a principal place of business in Texas. Therefore, Marathon Oil Company is now and was at the time of filing of the state court action, a citizen of the states of Ohio and Texas for the purposes of establishing diversity jurisdiction. Plaintiffs concede that Marathon Oil Company is a foreign corporation.[10]

### c.  BP Products North America, Inc.

BP Products North America Inc. is and was at the time of filing of the state court action, a Maryland corporation, with a principal place of business in Illinois. Therefore, BP Products North America Inc. is now and was at the time of filing of the state court action, a citizen of the states of Maryland and Illinois for the purposes of establishing diversity jurisdiction. Plaintiffs concede that BP Products North America Inc. is a foreign corporation.[11]

### d.  ConocoPhillips Company

ConocoPhillips Company is and was at the time of filing of the state court action, a Delaware corporation, with a principal place of business in Texas. Therefore, ConocoPhillips Company is now and was at the time of filing of the state court action, a citizen of the states of Delaware and Texas for the purposes of establishing diversity jurisdiction. Plaintiffs concede that ConocoPhillips Company is a foreign corporation.[12]

### e.  Exxon Mobil Corporation

Exxon Mobil Corporation is and was at the time of filing of the state court action, a New Jersey corporation, with a principal place of business in Texas. Therefore, Exxon Mobil

---

[10] Ex. 1, Petition ¶ 2(A)(f).
[11] Ex. 1, Petition ¶ 2(A)(a).
[12] Ex. 1, Petition ¶ 2(A)(c).

Corporation is now and was at the time of filing of the state court action, a citizen of the states of New Jersey and Texas for the purposes of establishing diversity jurisdiction. Plaintiffs concede that Exxon Mobil Corporation is a foreign corporation.[13]

### f. ExxonMobil Oil Corporation

ExxonMobil Oil Corporation is and was at the time of filing of the state court action, a New Jersey corporation, with a principal place of business in Texas. Therefore, ExxonMobil Oil Corporation is now and was at the time of filing of the state court action, a citizen of the states of New Jersey and Texas for the purposes of establishing diversity jurisdiction. Plaintiffs concede that ExxonMobil Oil Corporation is a foreign corporation.[14]

### g. Oxy USA Inc.

Oxy USA Inc. is and was at the time of filing of the state court action, a Delaware corporation, with a principal place of business in Texas. Therefore, Oxy USA Inc. is now and was at the time of filing of the state court action, a citizen of the states of Delaware and Texas for the purposes of establishing diversity jurisdiction. Plaintiffs concede that Oxy USA Inc. is a foreign corporation.[15]

### h. Shell USA, Inc.

Shell USA, Inc. is and was at the time of filing of the state court action, a Delaware corporation, with its principal place of business in Texas. Therefore, Shell USA, Inc. is now and was at the time of filing of the state court action, a citizen of Delaware and Texas for the purposes of establishing diversity jurisdiction. Plaintiffs concede that Shell USA, Inc. is a foreign corporation.[16]

---

[13] Ex. 1, Petition ¶ 2(A)(d).
[14] Ex. 1, Petition ¶ 2(A)(e).
[15] Ex. 1, Petition ¶ 2(A)(g).
[16] Ex. 1, Petition ¶ 2(A)(h).

### i. Shell Offshore Inc.

Shell Offshore Inc. is and was at the time of filing of the state court action, a Delaware corporation, with its principal place of business in Texas. Therefore, Shell Offshore Inc. is now and was at the time of filing of the state court action, a citizen of Delaware and Texas for the purposes of establishing diversity jurisdiction. Plaintiffs concede that Shell Offshore Inc. is a foreign corporation.[17, 18]

### B. OFS was improperly joined in this action.

The citizenship of OFS need not be considered because there is no reasonable basis for the Court to find that Plaintiffs will be able to recover against OFS. A defendant may seek removal by showing that a non-diverse defendant was improperly joined. *Smallwood v. Il. Central R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Improper or fraudulent joinder may be established by actual fraud in the pleading or jurisdictional facts, or by an inability of the plaintiff to establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 239, 333 (5th Cir. 2004). Because Removing Defendants do not allege any fraud of Plaintiffs, the relevant question is whether Removing Defendants "have demonstrated that there is no possibility of recovery" by the Plaintiffs against OFS. *Janke v. Babcock Co., Inc.*, 2012 WL 1499292, at *2 (E.D. La. Apr. 27, 2012). There must be a reasonable possibility of recovery against a defendant— not just a theoretical one. *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003); *see also*

---

[17] Ex. 1, Petition ¶ 2(A)(h).

[18] As noted, SWEPI, LP is not a viable entity and cannot be served; as such, it lacks citizenship and need not be considered for removal purposes. But out of an abundance of caution and to facilitate proper removal, Shell Legacy Holdings LLC, the successor to the former entity known as SWEPI, LP, consents to removal to the extent such consent is deemed necessary. *See* Notice of Consent, attached as Ex. 9. Shell Legacy Holdings LLC is a limited liability company, so its citizenship is based upon each of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Shell Legacy Holdings LLC has only one member: Shell Enterprises, LLC, a Texas company. And Shell Enterprises, LLC, has only one member: Eddie G. Shell II, a Texas domiciliary. Therefore, Shell Legacy Holdings LLC is and was at the time of filing of the state court action, a Texas citizen. Regardless, Plaintiffs concede that SWEPI, LP is a "foreign corporation." Ex. 1, Petition ¶ 2(A)(h).

*Smallwood*, 385 F.3d at 573 (explaining the proper test to be applied in evaluating improper joinder is "whether the defendant has demonstrated that there is . . . no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant").

Courts make this determination by considering whether the non-diverse corporation has had its corporate status revoked, whether it has an office or physical presence, assets, ongoing business activities, employees, and the like:

- *Green v. BP Am. Prod. Co.*, No. 18-0888, 2018 WL 5931148, at *5–6 (W.D. La. Oct. 26, 2018), *report and recommendation adopted*, No. 18-0888, 2018 WL 5931114 (W.D. La. Nov. 13, 2018) (holding the non-diverse corporations were improperly joined because their corporate status had been revoked, and they "no longer ha[d] an office or presence of any kind, no assets, employees, officers, or directors, or evidence of business activity");

- *Lowry v. Total Petrochemicals & Refin. USA, Inc.*, No. 18-0864, 2018 WL 5931146, at *5–6 (W.D. La. Oct. 26, 2018), *report and recommendation adopted*, No. 18-0864, 2018 WL 5931111 (W.D. La. Nov. 13, 2018) (same);

- *Rich Land Seed Co. v. BLSW Pleasure Corp.*, No. CV 3:21-01070, 2021 WL 3627962, at *5–12 (W.D. La. July 29, 2021), *report and recommendation adopted*, No. CV 3:21-1070, 2021 WL 3627139 (W.D. La. Aug. 16, 2021) (same).

This case is no different. Plaintiffs have no possibility of recovery against OFS because it is a completely inactive corporation with no recoverable assets.[19] OFS has no employees, no customers, and no office.[20] It does not own any property or hold any assets of any kind.[21] OFS has not generated any income or conducted business in years.[22] Simply put, OFS has no money

---

[19] *See generally* Ex. 2, LaNasa Affidavit.
[20] Ex. 2, LaNasa Affidavit ¶¶ 2, 4, 6, 8.
[21] Ex. 2, LaNasa Affidavit ¶¶ 5–7.
[22] Ex. 2, LaNasa Affidavit ¶¶ 6–7.

or assets.[23] And on April 9, 2025, its corporate status was terminated by the Louisiana Secretary of State.[24] OFS is inactive in every sense of the word.[25] Plaintiffs have no possibility of recovery against OFS. OFS was therefore improperly joined.

### C.    The Delta Chapter was improperly joined in this action.

Similarly, Plaintiffs will not be able to recover from the Delta Chapter—a fact this Court already acknowledged. This Court found that "Plaintiffs fail to present a claim for a possible recovery from Delta." *Ledet*, 2024 WL 4563388, at *2–3.

On the face of Plaintiffs' Petition, Plaintiffs make various unsubstantiated claims against the Delta Chapter. Plaintiffs allege that the Delta Chapter was formed to "manage the Oil Company Defendants' Louisiana NORM problem."[26] They further allege that the Delta Chapter was made to "control publicly available information about NORM" and to "control and influence any governmental response to NORM."[27] In conjunction with other entities, Plaintiffs allege the Delta Chapter developed pipe testing protocols that would intentionally fail to detect the majority of NORM contamination present on used pipe.[28] Moreover, the petition alleges that the Delta Chapter and others developed an external screening method that would fail to detect the majority of NORM contamination on used pipe.[29] None of these allegations are true.

As demonstrated by the sworn affidavit of Charles Miller, III, President of the Delta Chapter, and contrary to Plaintiffs' allegations, the Delta Chapter is a completely separate entity from the American Petroleum Institute ("API"), has never taken any action on behalf of the API,

---

[23] Ex. 2, LaNasa Affidavit ¶¶ 5, 7.
[24] Ex. 2, LaNasa Affidavit ¶ 9, Ex. 1 attached thereto; *see also* Ex. 3, OFS Termination.
[25] *See generally* Ex. 2, LaNasa Affidavit.
[26] Ex. 1, Petition ¶ 70.
[27] Ex. 1, Petition ¶ 73.
[28] Ex. 1, Petition ¶ 87.
[29] Ex. 1, Petition ¶ 98.

and is not controlled by any party other than its members.[30] Moreover, the Delta Chapter's mission is to serve as a service and social organization for the New Orleans oil and gas industry, and it is specifically prohibited from taking any action with respect to industry policy or with legislation or standard setting.[31] The Delta Chapter has never engaged in activities or taken any position with respect to NORM, nor has it had any involvement with testing protocols or the development of screening standards for NORM.[32] Finally, the Delta Chapter has never conducted lobbying of any kind, including any lobbying efforts regarding NORM.[33] Thus, the Delta Chapter was improperly joined in this suit.

**D.    The amount in controversy exceeds $75,000, exclusive of interest and costs.**

When a plaintiff alleges an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999). And the defendant satisfies this burden either: (1) by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount; or (2) by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The Court may also look to the amount recovered in similar cases to determine whether the amount in controversy will meet the jurisdictional limit. *See Marcel v. Pool Co.*, 5 F.3d 81, 82–83 (5th Cir. 1993).

Although Plaintiffs plead no specific amount of damages, it is clear from the face of the petition that the nature and extent of Plaintiffs' allegations contemplate damages greater than $75,000. Plaintiffs seek past and future compensatory and punitive damages for pre-death pain and

---

[30] *See* affidavit of Charles Miller, III ("Miller Affidavit"), attached as **Exhibit 11**.
[31] Ex. 11, Miller Affidavit ¶ 14.
[32] Ex. 11, Miller Affidavit ¶¶ 15–17.
[33] Ex. 11, Miller Affidavit ¶¶ 14, 17.

suffering, past medical expenses, loss of wages and loss of earning capacity, as well as compensatory damages for wrongful death.[34] And similar cases in Louisiana reveal that plaintiffs making similar allegations have recovered damages exceeding $75,000. *See e.g.*, *Oleszkowicz v. Exxon Mobil Corp.*, 2014-0256 (La. 2014), 156 So. 3d 645, 646 (awarding plaintiff $850,000 for exposure to NORM/TENORM); *Lester v. Exxon Mobil Corp.*, 2012-1709 (La. App. 4 Cir. 6/26/13); 120 So. 3d 767, 772–773, 785 (affirming damage awards greater than $75,000 for plaintiffs in a personal injury case for NORM exposure in Harvey, Louisiana).

While Removing Defendants admit neither liability nor any element of damages, under the law of this circuit, Removing Defendants have met their burden of showing the amount in controversy exceeds $75,000.

IV.     **Conclusion**

Removing Defendants, Chevron U.S.A. Inc. and Marathon Oil Company, pray that this Notice of Removal be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully Submitted:

*/s/ Louis M. Grossman*
Michael R. Phillips (#21020)
Louis M. Grossman (#28591)
Michael A. Levatino, Jr. (#39961)
Kelicia R. Raya (#40018)
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051
mike.phillips@keanmiller.com
louis.grossman@keanmiller.com
michael.levatino@keanmiller.com
kelicia.raya@keanmiller.com

---

[34] Ex. 1, Petition ¶¶ 161–169.

4928-4777-6053 V1

*Attorneys for Chevron U.S.A. Inc.*

/s/ Tyler Moore Kostal
Richard D. McConnell, Jr. (#29973)
Lily P. Pavy (#40902)
Gregory M. McNally (#41343)
KEAN MILLER LLP
II City Plaza, Suite 700
400 Convention Street
Post Office Box 3513
Baton Rouge, Louisiana  70821-3513
Telephone:  (225) 387-0999
Facsimile:  (225) 388-9133
richard.mcconnell@keanmiller.com
lily.pavy@keanmiller.com
greg.mcnally@keanmiller.com

- and -

Richard S. Pabst (#17736)
Tyler Moore Kostal (#33289)
Nicholas S. Wise (#34161)
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, Louisiana  70112
Telephone:  (504) 585-3050
Facsimile:  (504) 585-3051
richard.pabst@keanmiller.com
tyler.kostal@keanmiller.com
nick.wise@keanmiller.com

*Attorneys for Marathon Oil Company*

4928-4777-6053 V1